## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LENELLE GRAY,** | **:** | |
| **Petitioner,** | **:** | **CIVIL ACTION NO. 1:09-1212** |
| **v.** | **:** | **(KANE, C.J.)** |
| | | **(MANNION, M.J.)** |
| **UNITED STATES OF AMERICA,** | **:** | |
| **Respondent.** | **:** | |

## <u>REPORT AND RECOMMENDATION</u>[1]

On June 25, 2009, petitioner filed a "verified petition to vacate judgement pursuant to 60(b)(4)(6) for lack of personal and subject matter jurisdiction also, venue and special maritime and territorial jurisdiction statute of 18 U.S.C. and its jurisdiction under 3231." (Doc. No. 1). Besides his allegations that the sentencing court lacked jurisdiction to sentence him, petitioner has not set forth any additional factual allegations in support of his petition whatsoever. *Id.*

A federal prisoner may challenge his sentence by motion to the sentencing court pursuant to 28 U.S.C. §2255. "Motions pursuant to 28 U.S.C. §2255 are the presumptive means by which federal prisoners can

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited herein have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

challenge their convictions or sentences that are allegedly in violation of the Constitution." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (citing *Davis v. United States*, 417 U.S. 333, 343 (1974)); *see Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971) ("Section 2255 has made the sentencing court the exclusive forum for challenge to the validity of a conviction and sentence in first instance."). Indeed, a court is specifically prohibited from entertaining a federal prisoner's challenge to his conviction by an application for habeas corpus pursuant to 28 U.S.C. §2241[2] "unless it also appears that the remedy by motion [i.e., pursuant to § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255; *see Okereke, 417 F.3d at 120* ("[Section] 2255 must be used to raise a challenge to the validity of a conviction or sentence unless that section is 'inadequate or ineffective.') (citing *In re Dorsainvil*,119 F.3d 245, 251 (3d Cir. 1997)).

A motion under §2255 is "'inadequate or ineffective'" only where it is

---

[2]Section 2255 is not designated as a habeas corpus statute, but rather speaks of motions "to vacate, set aside or correct the sentence." In contrast, §2241 is formally designated as the habeas corpus statute. But, in fact, §2255, like § 2241, is a species of habeas corpus. *See Davis v. United States*, 417 U.S. 333, 343 (1974) ("[Section] 2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus."); *United States v. Anselmi*, 207 F.2d 312, 314 (3d Cir. 1953) ("[S]ection 2255 . . . afford[s] to a convicted federal prisoner a remedy which is the substantial equivalent of the conventional writ of habeas corpus.")

established "that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention." *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971) (per curiam) (quoting *United States ex rel. Leguillou v. Davis*, 212 F.2d 681, 684 (3d Cir. 1954)). It has been recognized that the burden is on the petitioner to allege or to demonstrate inadequacy or ineffectiveness. *See id.* Furthermore, prior unsuccessful § 2255 motions filed in the sentencing court are insufficient in and of themselves to show that the motion remedy is inadequate or ineffective. *Litterio v. Parker,* 369 F.2d 395, 396 (3d Cir. 1966) (per curiam). Thus, it is clear that § 2255's safety valve, *see Dorsainvil*, 119 F.3d at 249, sets a very high standard with respect to what a court will consider a serious constitutional issue sufficient to allow a petitioner to bring a §2241 petition to challenge a federal sentence.

The court construes the instant petition as a petition for writ of habeas corpus under §2255 because the petition focuses on the imposition of the petitioner's sentence by the District Court for the Northern District of Ohio. Petitioner appears to allege that he is being held pursuant to an illegal sentence because the sentencing court did not have jurisdiction to sentence him. Moreover, Federal Rule of Civil Procedure 60(b) is inapplicable as

3

petitioner is challenging his criminal sentence. *See United States v. Rojas,* No. 09-2844, 2009 U.S. App. LEXIS 19758, at *1-2 (3d Cir. Sept. 2, 2009)(A motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure is not an appropriate vehicle for challenging a criminal conviction.).

Consequently, the court recommends this action be transferred to the United States District Court for the Northern District of Ohio, as this court lacks jurisdiction over the instant petition. *See* 28 U.S.C. §2255(a).[3] Although petitioner is an inmate at the United States Penitentiary at Lewisburg, Pennsylvania within the jurisdiction of the Middle District of Pennsylvania, he was sentenced in the United States District Court for the Northern District of Ohio as reflected by the docket in criminal matter 1:05-cr-143. *See e.g. Berry v. Lamer,* No. 96-1678, 1997 U.S. Dist. LEXIS 23845 (M.D. Pa. Apr. 30, 1997)

---

[3] A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. §2255(a).

(transferring case to sentencing court after the court found it lacked jurisdiction over the petition it construed as a petition brought under §2255); *Holland v. Harding*, No.95-0870,1995 U.S. Dist. LEXIS 22207 (M.D. Pa. Nov. 21,1995)(transferring a petition brought under §2255, that challenged the petitioner's sentence, to the sentencing court). *See also* 28 U.S.C. §1631 (authorizing a court to transfer a petition for want of jurisdiction).

Furthermore, the petitioner has not met the high standard so as to be allowed to proceed under §2241 instead of §2255.  In fact, the petitioner has not advanced any arguments as to §2255's  inadequacy or ineffectiveness. The petitioner ought to have brought his challenges in a motion under §2255 to the sentencing court, not in a §2241 habeas petition or a Rule 60(b) motion to this court. Accordingly, the court finds that it lacks jurisdiction to entertain the instant petition.

On the basis of the foregoing, **IT IS RECOMMENDED THAT**:

(1)   The petition, (Doc. No. 1), be construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. §2255;

(2)   The Clerk of Court shall transfer  this petition, (Doc. No. 1), to the United States District Court for the Northern District of Ohio;

(3)   The petitioner's motion for leave to proceed *in forma pauperis,*

(Doc. No. 5), be held in abeyance for determination by the United

States District Court for the Northern District of Ohio; and,

(4)     The Clerk of Court shall **CLOSE** this case.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**[4]



**Date:** September 14, 2009
O:\shared\REPORTS\2009 Reports\09-1212-01.wpd

---

[4]For the convenience of the reader, the court has attached copies of unpublished opinions cited within this document.

6