IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LENELLE GRAY, | : | |
|     Petitioner | : | Civil Action No. 1:09-cv-1212 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| UNITED STATES OF AMERICA, | : | (Magistrate Judge Mannion) |
|     Respondent. | : | |

## ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Before the Court are Petitioner Lenelle Gray's petition to vacate judgment (Doc. No. 1), Magistrate Judge Mannion's Report and Recommendation (Doc. No. 7), and Petitioner's objections to the Report and Recommendation (Doc. No. 9). In his recommendation, Judge Mannion noted that Petitioner sought to vacate his conviction pursuant to Rule 60(b)(4) & (6) of the Federal Rules of Civil Procedure. (Doc. No. 7 at 1.) Since the petition to vacate challenged Petitioner's criminal sentence, Judge Mannion characterized it as a challenge under 28 U.S.C. § 2255. (Id.) As a result, Judge Mannion recommended that the case be transferred to the Northern District of Ohio, because that is where Petitioner was convicted and sentenced, and therefore jurisdiction would be proper in that forum. (Id. at 4-5.)[1]

In his objections, Petitioner argues that his petition should be allowed to proceed under 28 U.S.C. § 2241 instead of § 2255. (Doc. No. 9, at 4.) Petitioner submits that a claim under § 2255 would be ineffective because it would be time-barred. (Id.)

---

[1] Additionally, Judge Mannion found that the petition would not be allowed to proceed under 28 U.S.C. § 2241 because Petitioner had not advanced any arguments as to § 2255's inadequacy or effectiveness. (Id. at 5.)

1

When a petitioner uses Rule 60(b) to attack his conviction, a court may recharacterize it as a § 2255 motion where the "court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's 'second or successive' restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing." Castro v. United States, 540 U.S. 375, 377 (2003); see also In re Wagner, 421 F.3d 275, 277-78 (3d Cir. 2005).

Given Petitioner's stated objections to the recharacterization of the motion as one filed pursuant to § 2255 and the fact Petitioner has not yet been provided an opportunity to approve the recharacterization of his petition as one brought pursuant to § 2255, the Court will grant Petitioner leave to withdraw, or to amend, his filing. The Court has provided Petitioner with the attached notice of election, Exhibit B, informing him of the rights and responsibilities of a § 2255 petition.

**AND NOW**, on this 18 th day of November 2009, upon consideration of the report and recommendation of Judge Mannion (Doc. No. 7) and Petitioner's objections (Doc. No. 9), **IT IS HEREBY ORDERED THAT** the Report and Recommendation is **ADOPTED IN PART**. Petitioner may not proceed pursuant to FRCP 60(b), but will be given 30 days' leave to return the attached notice of election. The above-captioned case is remanded to Judge Mannion for further proceedings consistent with this Court's order.

s/ Yvette Kane  
Yvette Kane, Chief Judge  
United States District Court  
Middle District of Pennsylvania

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LENELLE GRAY, | : | |
| Petitioner | : | Civil Action No. 1:09-cv-1212 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| UNITED STATES, | : | (Magistrate Judge Mannion) |
| Respondent | : | |

## ORDER

### BACKGROUND

Petitioner in the above-captioned case is a person in custody pursuant to the judgment of a court established by Act of Congress. This order is issued to provide Petitioner with the notice required under United States v. Miller, 197 F.3d 644 (3d Cir. 1999). See also Adams v. United States, 155 F.3d 582 (2d Cir. 1998).

### DISCUSSION

The Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, Title I, §§ 101-108, 110 Stat. 1214, 1217-21 (1996), had the effect of limiting the time in which a person in custody pursuant to the judgment of a court established by Act of Congress could challenge the validity of the judgment under the Constitution and laws of the United States. 28 U.S.C. § 2255. Also, a district court may entertain a second or successive motion only if the movant first obtains leave to file the second or successive motion from the Court of Appeals, 28 U.S.C. §§ 2255, 2244(b)(3), and a claim presented in such a motion may be reviewed only in even more limited circumstances, 28 U.S.C. § 2255.

The motion to vacate sentence filed in the above-captioned matter may be read as asserting that the movant is in custody in violation of the Constitution or laws of the United

States, or that the court was without jurisdiction to impose such sentence, or that the sentence is in excess of the maximum authorized by law, or is otherwise subject to collateral attack. The proper avenue of relief for such a motion, petition, or pleading, when filed by a person in custody pursuant to the judgment of a court established by Act of Congress, is 28 U.S.C. § 2255, even when the movant or petitioner does not so designate the motion, petition, or pleading.

**Due to the time limit and limits on second or successive motions, you should be aware that you may be barred from presenting in a future motion, petition, or pleading any claim not presented at this time. The failure to present a claim at this time may waive or forfeit forever the right to present the claim to a federal court.**

You will be given several options in the notice of election form which you should read carefully before deciding how you wish to proceed in this matter. Please remember that the option you choose will be binding on you with respect to the time limit on the filing of a motion to vacate, set aside, or correct sentence under § 2255, as well as the limit on second or successive petitions under § 2255.

If you have not labeled your motion, petition, or pleading as a petition for a writ of habeas corpus under § 2255, you may elect to proceed with the motion as filed or you may elect to have the motion, petition, or pleading re-characterized as one under § 2255. If you elect to proceed with the motion, petition, or pleading as filed, you should be aware that (1) if the proper authority is § 2255, the motion, petition, or pleading may be denied on that basis, and (2) the time limit for filing a petition under § 2255 may not be tolled during the pendency of the motion as filed.

If you elect to have the motion, petition, or pleading re-characterized as one under § 2255, you should be aware that any claim not presented may be lost due to the limit on second or

2

successive motions. Under these circumstances, if you have not included all of the claims you wish to assert, it may be better to withdraw the motion, petition, or pleading so that you may file one, all-inclusive petition under § 2255. If you choose to withdraw your motion, petition, or pleading, remember that your all-inclusive petition must be filed within the one-year limit under § 2255.

If you already have labeled your petition as a motion to vacate, set aside, or correct sentence under § 2255, you should remember that any claim not presented may be lost due to the limit on second or successive motions. Under these circumstances, if you have not included all of the claims you wish to assert, it may be better to withdraw the motion so that you may file one, all-inclusive petition under § 2255. If you choose to withdraw your motion, remember that your all-inclusive motion must be filed within the one-year limit under § 2255.

You must file with the court a notice of election indicating how you have chosen to proceed within 45 calendar days from the date of this order. (The date of filing for incarcerated persons is the date on which the notice is delivered to prison authorities for mailing to the court.) For purposes of the time limit under § 2255, the time is tolled so that you may consider your decision. That is, the time from the date of this order through the date of filing of the notice of election is not counted, but the tolling period will not exceed 45 days.

To summarize, then, your options are as follows:

<u>Motion not labeled as a § 2255 motion</u>

- Have the court rule on the motion as filed
- Re-characterize the motion as a § 2255 motion
- Withdraw the motion for filing of more complete motion

<u>Motion labeled as a § 2255 motion</u>

• Have the court rule on the motion as filed

• Withdraw the motion for filing of more complete motion

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Petitioner is directed to complete and file the enclosed Notice of Election form on or before December 7, 2009, which is thirty calendar days from the date of this order.

2. Failure of Petitioner to comply with this order will result in the court's ruling on the motion, petition, or pleading as captioned.

3. The time from the date of this order through the filing of the Notice of Election form shall toll the time period prescribed by 28 U.S.C. § 2255.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania

# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| LENELLE GRAY, | : | |
|---|---|---|
| Petitioner | : | Civil Action No. 1:09-cv-1212 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| UNITED STATES, | : | (Magistrate Judge Mannion) |
| Respondent | : | |

## NOTICE OF ELECTION

I, Lenelle Gray, Petitioner in the above-captioned action, have read the order of court that accompanied this form. Pursuant to that order, I elect to proceed in this action as follows:

_____ I have not labeled my motion, petition, or pleading as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. I choose to have the court rule on my motion, petition, or pleading as filed. I understand that the failure to bring the motion, petition, or pleading under 28 U.S.C. § 2255 may be a basis for denial or dismissal of the motion, petition, or pleading.

_____ I have not labeled my motion, petition, or pleading as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. I choose to have my motion, petition, or pleading re-characterized as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. I understand that by doing so I lose my ability to file a second or successive motion absent certification by the court of appeals, and that the potential for relief is further limited in a second or successive motion.

_____ I have not labeled my motion, petition, or pleading as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. I choose to withdraw my motion, petition, or pleading so that I may file one, all-inclusive motion under 28 U.S.C. § 2255 within the one-year limit for filing such a motion.

_____ I have labeled my motion as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. I choose to have the court rule on my motion as filed. I understand that I may be forever barred from presenting in federal court any claim not presented in this motion. I further understand that by doing so I lose my ability to file a second or successive motion absent certification by the court of appeals, and that the potential for relief is further limited in a second or successive motion.

    _____       I have labeled my motion as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. I choose to withdraw my motion so that I may file one, all-inclusive motion under 28 U.S.C. § 2255 within the one-year limit for filing such a motion.

I UNDERSTAND THAT MY ELECTION ON THIS FORM, AS WELL AS THE FAILURE TO MAKE AN ELECTION, WILL BE BINDING ON ME AS RELATES TO MY LITIGATION IN FEDERAL COURT OF ANY CLAIM RELATED TO THE CUSTODY I HAVE CHALLENGED. I HAVE CAREFULLY READ THE ORDER ACCOMPANYING THIS NOTICE OF ELECTION FORM.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____.
               (Date)